JUDGE COEEB
delivered the opinion op the court.
January 5,1877, the appellees recovered a judgment against the appellant in the Louisville Chancery Court. The appellant on that day prayed an appeal to this court, which was granted by the chancellor.
May 28, the appellees filed a certified copy of the judgment, supersedeas bond, and all steps taken and proceedings had in the cause prior to May 24, and moved this court to dismiss the appeal on the ground that the appellant failed to file in the clerk’s office of the chancery court, within ninety days after the appeal was granted, “his assignment of errors and a schedule showing concisely what parts of the record he desired to have copied.”
Sub-section 2 of section 737 of the Code of 1877, concerning transcripts to be used in the Court of Appeals, provides that “In cases to which the provisions of chapter 3, Title X apply, the appellant, whether the appeal be granted by the *245 inferior court or by tbe clerk of the Court of Appeals, shall present to the judge of the inferior court his assignment of errors; the judge shall, by directions indorsed on or annexed to the assignment, order the clerk of the inferior court to copy such specified parts of the record as, in view of the alleged errors, may be material; and the appellant shall file said assignment and directions in the office of said last-mentioned clerk.”
Sub-section 3 provides that if the appeal is granted by the inferior court, and the appellees shall have been defendants, and any of them shall have been only constructively summoned and have not appeared in the action and be not actually summoned to answer the appeal, the appellant shall order a transcript of the entire record. And sub-section 4 provides that “ In all other cases in which the appeal is granted by the inferior court—
“ a. The appellant, within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court his assignment of errors, and a schedule showing concisely what parts of the record he wishes to have copied. His failure to file said assignment and schedule within the time prescribed shall be cause for the dismissal of his appeal.”
The judgment in this case shows that it does not belong to either of the classes mentioned in sub-sections 2 and 3, and it comes therefore within the provisions of sub-section 4, and no assignment of errors and schedule, showing what parts of the record the appellant desired to have copied, having been filed in the clerk’s office of the chancery court, within ninety days after the appeal was granted, the appellees’ motion must be sustained.
Appeal dismissed with damages.